RECEIVED
2005 AUG -8 P 2:09
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN SCOTT, SR., (BLIND VENDOR), <br><br> Plaintiff, <br><br> vs. <br><br> RAY DENNIS, PERRY HOPPER, KEN GREEN, STATE OF ALABAMA DEPARTMENT OF REHABILITATION SERVICES, <br><br> Defendants. | CIVIL ACTION NO. <br> 2:05-cv-652-F |

## MOTION TO DISMISS

Comes now the Alabama Department of Rehabilitation Services, by and through its attorney, and files this motion on behalf of the Defendants, Ray Dennis, Perry Hopper, and Ken Green, and as grounds therefor states as follows:

1. The Defendants, by and through their attorney, enter this limited appearance to contest the jurisdiction of this court over the complaint filed in the above-styled matter.

2. The Plaintiff's complaint alleges causes of action that all arise from the Plaintiff's participation in the Randolph-Sheppard Vending Facilities Program, which is a federal program administered by the Defendants as employees of the Alabama Department of Rehabilitation Services.

3. The Randolph-Sheppard Vending Facilities Program is governed by federal statute, 20 U.S.C. § 107, *et seq.*, which sets forth a specific dispute resolution

system that conditions judicial review on a final agency action of the United States Department of Education. The Randolph-Sheppard Act provides:

> "Any blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program may submit to a State licensing agency a request for a full evidentiary hearing, which shall be provided by such agency in accordance with section 107b(6) of this title. If such blind licensee is dissatisfied with any action taken or decision rendered as a result of such hearing, he may file a complaint with the Secretary (the Secretary of the United States Department of Education) who shall convene a panel to arbitrate the dispute pursuant to section 107d-2 of this title, and the decision of such panel shall be final and binding on the parties except as otherwise provided in this chapter." 20 U.S.C. § 107d-1(a).

The Act further provides:

> "Upon receipt of a complaint filed under section 107d-1 of this title, the Secretary shall convene an ad hoc arbitration panel as provided in subsection (b) of this section. Such panel shall, in accordance with the provisions of subchapter II of chapter 5 of Title 5, give notice, conduct a hearing, and render its decision which shall be subject to appeal and review as a final agency action for purposes of chapter 7 of such Title 5." 20 U.S.C. § 107d-2(a).

4.   Plaintiff is not an employee of the Alabama Department of Rehabilitation Services. Plaintiff is a licensed blind vendor participating in the Business Enterprise Program of the Alabama Department of Rehabilitation Services, which is the State Licensing Agency for the Randolph-Sheppard Program as designated by the Secretary of the United States Department of Education. All of Plaintiff's claims arise from his participation in the Randolph-Sheppard Program. Defendants deny that they have violated any constitutional rights for equal employment access of the Plaintiff. The Plaintiff is a self-employed business person.

5. Plaintiff has not availed himself of the administrative remedies provided pursuant to the Business Enterprise Program's Administrative Code Rules and the Randolph-Sheppard Act by requesting an administrative review and full evidentiary hearing raising the same issues as are raised in his complaint presently before this court.

6. This court is without jurisdiction to decide the controversy between this licensed blind vendor and the State Licensing Agency pursuant to the Randolph-Sheppard Act.

7. The federal courts have required exhaustion of administrative remedies under the Randolph-Sheppard Act prior to judicial review of a dispute between a licensed blind vendor and the State Licensing Agency. See State of N.Y. v. U.S. Postal Service, 690 F.Supp. 1346 (S.D.N.Y. 1988), citing Fillinger v. Cleveland Society for the Blind, 587 F.2d 336 (6th Cir. 1978); Randolph-Sheppard Vendors of America v. Weinberger, 695 F.2d 90 (D.C. Cir. 1986); Massachusetts Elected Committee of Blind Vendors v. Matava, 482 F.Supp. 1186 (D. Mass. 1980).

8. Plaintiff must first exhaust his administrative remedies and if still dissatisfied can seek judicial review of the United States Department of Education's final agency action in a federal court as provided by law. Due to the Plaintiff's failure to exhaust the elaborate administrative remedies of the specific dispute resolution system set out in the Randolph-Sheppard Act, this court lacks jurisdiction over the subject matter of the Plaintiff's complaint.

9. The Defendants listed above have been served with a copy of the Plaintiff's complaint. However, the Alabama Department of Rehabilitation Services has not yet been served with a copy of the complaint, and thus, the Defendant Alabama

3

Department of Rehabilitation Services raises the defense of insufficiency of process and insufficiency of service of process.

10. The Plaintiff has failed to state a claim upon which relief can be granted due to the absolute immunity afforded the Defendants under Article I Section 14 of the Constitution of Alabama of 1901.

11. The Plaintiff has failed to state a claim upon which relief can be granted due to the absolute immunity afforded the Defendant Alabama Department of Rehabilitation Services pursuant to the Eleventh Amendment of the United States Constitution.

12. The Plaintiff has failed to state a claim upon which relief can be granted due to the qualified discretionary function immunity of the Defendants as State officials.

THEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Plaintiff's complaint in its entirety.

Respectfully Submitted,

Stephen K. Simpson (SIM023)
Attorney for Defendants, Ray Dennis, Perry Hopper, and Ken Green

**ADDRESS OF COUNSEL:**
Alabama Dept. of Rehabilitation Services
Legal Office
2129 E. South Blvd.
P. O. Box 11586
Montgomery, Alabama 36111-0586
(334) 613-3453
(334) 613-2239

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by U.S. Mail, postage prepaid, on this the 8th day of August, 2005:

Calvin Scott, Sr.
1416 Marler Road
Pike Road, Alabama 36064

_____
Stephen K. Simpson