RECEIVED
2005 AUG 15 A 9: 24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

Calvin Scott, Sr. )
(Blind Vendor) )
  )
    Plaintiff(s), )
  )
  )
v. )  CIVIL ACTION NO. 2:05-CV-652-F
  )
Ray Dennis, Perry Hopper, Ken Green )
State of Alabama Dept. of Rehabilitation Services )
Business Enterprise Program )
    Defendant(s) )

## AFFIDAVIT IN OPPOSITION TO MOTION TO DISMISS

1. Plaintiff(s) address and telephone number: 1416 Marler Rd
   Pike Road, Alabama 36064
   (334) 272-2657

2. Name and address of defendant(s): Ray Dennis, Perry Hopper, Ken Green
   C/O Ray Dennis
   Alabama Dept. of Rehabilitation Services (ADRS)
   2129 East South Blvd
   Montgomery, Alabama 36111-0586

3. Place of alleged violation of civil rights: 50 Monroe St
   Gordon Person's Office Building
   Montgomery, Alabama 36104

4. Date of alleged violation of civil rights: Jan. 31, 2005; Feb. 9th, 14th, 22nd 2005

AFFIDAVIT IN OPPOSITION TO MOTION TO DISMISS

_____

Calvin Scott, Sr., being duly sworn, deposes and says:

1. This case comes before this court after a thorough investigation and inquiry conducted by the United States Department of Civil Rights and supervised closely by the United States Department of Education and the United States Department of Labor in Washington, DC. Please see attached documents directly from both the United States Department of Civil Rights and the United States Department of Labor who then forwarded our complaint to the United States Department of Justice for additional investigation. The results of the investigations concluded

that I could also file a private civil law suit against the defendant's under the Americans with Disabilities Act (ADA) Title 203.

However, I believe that this court should and eventually must exercise original jurisdiction over this case, because of the unusual nature and complexity of this case.

2. The Defendant's Motion to Dismiss is purely an attempt to bypass the litigation process and take away my civil right for this case to be decided by a jury.

3. Furthermore, in statements #3, #5, #7, and #8 of the defendant's motion to dismiss they mention the specific dispute resolution system that was implemented by the US Department of Education. But the defendant's failed to mention that they all violated 20 U.S.C. § 107d-1(a) when they chose to remove me completely from the Business Enterprise Program by inventorying me out of the program on February 23, 2005 completely violating the very same laws they were sworn by oath to uphold. They also violated Alabama State Code 1975 §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq. which specifically outline the process for dispute resolution for the State of Alabama.

4. It wasn't until after the defendant's removed/fired me from the Business Enterprise Program and they were contacted by the United States Department of Education, United States Department of Labor, the State of Alabama Bob Riley's office, and the Vice President of the United States Richard B. Cheney's office, that they then wanted to follow the dispute resolution process stated in 20 U.S.C. § 107d-1(a) and Alabama State Code 1975 §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq. But during a period of nearly 30 days I was not allowed to work.

5. To continue, in statement #4 of the defendant's motion to dismiss they claim that my constitutional rights were not violated because I am not an employee of the State of Alabama. However, the Federal law clearly provides protection for equal access to work areas for blind and all handicapped workers.

6. The State of Alabama Business Enterprise Program receives Federal funding for the blind to work as vendor's on state property, therefore, the State of Alabama must adhere to Federal laws designed to protect the handicapped in their place of employment. These Federal laws also pertain to any and all county and state run public buildings. Federal Law listed as Title I of the Americans with Disabilities Act (ADA) requires an employer with 15 or more employees to provide reasonable accommodation for individuals with disabilities, unless it would cause undue hardship. A reasonable accommodation is any change in the work environment or in the way a job is performed that enables a person with a disability to enjoy equal employment opportunities.

WHEREFORE, for all of the reasons set forth above:

1. The motion to dismiss this must be denied.

2. This court should take original jurisdiction over this case, which is beyond the competence of the probate court.

3. This case should be heard and decided upon by a jury.

Sworn to before me this 12th
Day of August 2005

_Anna Walker_
NOTARY PUBLIC

Respectfully Submitted,

Calvin Scott, Sr.

___August 12, 2005___
Date

_Calvin Scott Sr._
Plaintiff(s) Signature

___1416 Marler Rd___
___Pike Road, Alabama 36064___
Address, City, State Zip Code

___(334) 272-2657___
Telephone Number

Aug. 15, 2005

# Certifacate of service

I hereby certify that on this day of Aug. 15 2005, a copy of this opposition to dismissal was mailed to councel for defendant.

signature -
Calvin Scott