

**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
61 FORSYTH STREET, SW
SUITE 19T70
ATLANTA, GEORGIA 30303
TELEPHONE: (404) 562-6350

FAX: (404) 562-6455
TDD: (404) 562-6454

JUN 2 2 2005

Email: Atlanta_ocr@ed.gov

Mr. Calvin Scott, Sr.
1416 Marler Road
Pike Road, Alabama 36064

Dear Mr. Scott:

Re:   Complaint #04-05-3004

On February 7, 2005, the U. S. Department of Education (Department), Office for Civil Rights (OCR), received the above-referenced complaint filed against the Business Enterprise Program (BEP), a part of the Alabama Department of Rehabilitation Services (DRS), which alleged discrimination on the basis of disability. Specifically, you (complainant), a blind vendor, alleged that the DRS/BEP:

- Denied you the following accommodations to work in the Gordon Persons building (GPB): (1) access to one of your vending machines when you were not given a security swipe card; and (2) a handicapped parking space on the dock area of GPB;

- Denied you an administrative review when you complained about the denial of accommodations.

- Required you to replace your wife who acted as your driver/assistant, and by giving you only three days to replace her.

- Removed you as vendor from the GPB.

OCR is responsible for enforcing Section 504 of the Rehabilitation Act of 1973 (Section 504), as amended, 29 U.S.C. Section 794, and its implementing regulation, 34 C.F.R. Part 104, which prohibit discrimination on the basis of disability in any program or activity receiving Federal financial assistance; and Title II of the Americans with Disabilities Act of 1990 (Title II), 42 U.S.C. Sections 12131 et seq., and its implementing regulation, 28 C.F.R. Part 35, which prohibit discrimination on the basis of disability by a public entity. The DRS is a public entity and a recipient of Federal financial assistance, and, therefore, is subject to the provisions of Section 504 and Title II.

Mr. Calvin Scott
Page 2

During the course of the investigation, DRS and the complainant informed OCR that DRS had taken actions to resolve the complainant's allegations. OCR, therefore, will take no further action with respect to the allegations in this complaint and it is closing this complaint as of the date of this letter.

This letter of findings should not be construed as covering any other issues regarding compliance with Section 504 and Title II that may exist and are not addressed herein. Please note that under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. If we receive such a request, we will seek to protect, to the extent possible, any unwarranted invasion of privacy. The complainant may file a private suit pursuant to section 203 of the Americans with Disabilities act, whether or not OCR finds a violation to Title II.

If you have any questions, please contact Ms. Debra Steadman, Equal Opportunity Specialist, at 404-562-6381, or me, at 404-562-6419.

                        Sincerely,

                        Doris V. Maye
                        Team Leader



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
61 FORSYTH STREET, SW
SUITE 19T70
ATLANTA, GEORGIA 30303
TELEPHONE: (404) 562-6350

FAX: (404) 562-6455
TDD: (404) 562-6454

JUN 22 2005

Email: Atlanta_ocr@ed.gov

Mr. Steve Shivers
Commissioner
Alabama Department of Rehabilitation Services
2129 E. South Boulevard
Montgomery, Alabama 36111-0586

Dear Mr. Shivers:

Re:   Complaint #04-05-3004

On February 7, 2005, the U. S. Department of Education (Department), Office for Civil Rights (OCR), received the above-referenced complaint filed against the Business Enterprise Program (BEP), a part of the Alabama Department of Rehabilitation Services (DRS), which alleged discrimination on the basis of disability. Specifically, the complainant, Mr. Calvin Scott, Sr., who is a blind vendor, alleged that the DRS/BEP:

- Denied him the following accommodations to work in the Gordon Persons building (GPB): (1) access to one of his vending machines when he was not given a security swipe card; and (2) a handicapped parking space on the dock area of GPB;

- Denied him an administrative review when he complained about the denial of accommodations.

- Required him to replace his wife who acted as his driver/assistant, and by giving him only three days to replace her.

- Removed him as vendor from the GPB.

OCR is responsible for enforcing Section 504 of the Rehabilitation Act of 1973 (Section 504), as amended, 29 U.S.C. Section 794, and its implementing regulation, 34 C.F.R. Part 104, which prohibit discrimination on the basis of disability in any program or activity receiving Federal financial assistance; and Title II of the Americans with Disabilities Act of 1990 (Title II), 42 U.S.C. Sections 12131 et seq., and its implementing regulation, 28 C.F.R. Part 35, which prohibit discrimination on the basis of disability by a public entity. The DRS is a public entity and a recipient of Federal financial assistance, and, therefore, is subject to the provisions of Section 504 and Title II.

Mr. Steve Shivers
Page 2

During the course of the investigation, DRS and the complainant informed OCR that DRS had taken actions to resolve the complainant's allegations. OCR, therefore, will take no further action with respect to the allegations in this complaint and it is closing this complaint as of the date of this letter.

This letter of findings should not be construed as covering any other issues regarding compliance with Section 504 and Title II that may exist and are not addressed herein. Please note that under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. If we receive such a request, we will seek to protect, to the extent possible, any unwarranted invasion of privacy. The complainant may file a private suit pursuant to section 203 of the Americans with Disabilities act, whether or not OCR finds a violation to Title II.

We wish to thank you and your staff for your cooperation in this matter. If you have any questions, please contact Ms. Debra Steadman, Equal Opportunity Specialist, at 404-562-6381 or me, at 404-562-6419.

Sincerely,

Doris V. Maye
Team Leader

**U.S. Department of Labor**     Employment Standards Administration
Office of Federal Contract
Compliance Programs
Washington, D.C. 20210



MAR 29 2005

Mr. Calvin Scott, Sr.
1416 Marler Road
Pike Road, AL 36064

Re: Calvin Scott, Sr. vs. Alabama State Rehabilitation Business
    Enterprise Program

Dear Mr. Scott:

This is in response to your correspondence dated February 10, 2005, to President George Bush regarding your complaint that as a Blind Enterprise Vendor, you were denied access to the Gordon Parson's State Office Building in Montgomery, AL, where you performed vendor service. The State Office Building Manager installed electronic card readers on doors and refused to give you a card to provide you the same access as the state employees, which you feel is in violation of the Americans with Disabilities Act (ADA). Your correspondence was referred to the Office of Federal Contract Compliance Programs (OFCCP) for a direct response. OFCCP received your correspondence on March 9, 2005.

OFCCP administers and enforces three equal employment opportunity laws: Executive Order 11246, as amended (EO 11246); Section 503 of the Rehabilitation Act of 1973, as amended (Section 503); and the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212 (VEVRAA). These laws prohibit Federal contractors and subcontractors from discriminating on the bases of race, color, religion, sex, disability or veteran status. They also require affirmative action in employment by Federal contractors and subcontractors. OFCCP also shares responsibility with the Equal Employment Opportunity Commission (EEOC) in enforcing Title I of the Americans with Disabilities Act (ADA). The EO 11246 requires that a complaint be filed within 180 days from the date of the alleged discriminatory act and complaints filed under VEVRAA, Section 503 and ADA must be filed within 300 days.

OFCCP does not have jurisdiction over Title II of the ADA regarding State and local government activities. The U.S. Department of Justice (DOJ) is responsible for enforcing Title II of the ADA, which requires that State and local governments give people with disabilities an equal opportunity to benefit from all of their programs, services, and activities (e.g. public education, employment, transportation, recreation, health care, social services and courts). We, therefore, referred your correspondence to the following DOJ office:

-2-

Mr. R. Alexander Acosta
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Attn: Disability Rights Section - NYAV
Washington, D.C. 20530

For additional information, you may contact the Civil Rights Division at (800) 514-0301 (voice) or (800) 514-0383 (TTY) or go to ada.gov or www.usdoj.gov/crt/ada/adahom1.htm.

Sincerely,

*[signature: Heidi Dalzell Finger]*

HAROLD M. BUSCH
Director
Division of Program Operations

Business Enterprise Program



## Alabama Department of
## REHABILITATION SERVICES



**Bob Riley**
GOVERNOR

February 22, 2005

**Steve Shivers**
COMMISSIONER

Mr. Calvin Scott
1416 Marler Road
Pike Road, AL 36064

Dear Mr. Scott:

The intent of this letter is to advise you of your removal from Facility #562 at the Gordon Persons Building. The exit inventory will take place on Thursday, February 24th at 10:00 a.m. I strongly encourage you or your designee to participate, however, should you choose not to participate the inventory will be conducted as scheduled.

On February 9, 2005 you were advised of the changes required for your continued conditional employment at Facility #562. Your program representative, Kenneth Green, has informed us in writing "that they (Calvin and Gladys Scott) stated that Calvin would not do it with anyone other than Gladys." You also stated to Mr. Green "that you had not hired anyone to do so" (service the machines).

Your failure to comply with the requirements of the BEP General Rules, Agreement to Operate a Vending Facility and the terms of my letter of February 9, 2005 have left me with no option but to replace you.

From all appearances the approximately 20 snack machines you are responsible for have not been serviced since February 11, 2005. This inaction on your part is tanamount to abandonment of your facility and will not be tolerated. Your recent dereliction of duty has cast the program in a most unfavorable light. Additionally, your customers are not receiving the service they desire and deserve.

Sincerely

*Ray Dennis*

Ray Dennis, Director
Business Enterprise Program

***PROVIDING SERVICES TO ALABAMIANS WITH DISABILITIES***

P.O. Box 11586 ■ 2129 E. South Blvd. ■ Montgomery, AL 36111-0586 ■ 334-281-8780 ■ 1-800-441-7607
Fax: 334-613-2239 ■ www.rehab.state.al.us