IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CALVIN SCOTT, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv651-T |
| | ) | |
| JAMES (BUDDY) SWEARENGIN, JR., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CALVIN SCOTT, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv652-F |
| | ) | |
| RAY DENNIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The plaintiff filed these two lawsuits on the same day within minutes of each other. Although he names different defendants, a review of the complaints demonstrate that the plaintiff is complaining about the same events in both actions. *See* Compls., Docs. # 1. For example, the plaintiff lists the same dates, January 31, 2005, February 9, 14, and 22, 2005, as the dates of the alleged violation of his rights in both lawsuits. Consequently, it appears that judicial economy may be best served by consolidating these actions.

Also pending before the court are the defendants' motions to dismiss in both actions. (Docs. # 5). The defendants in both cases argue that the plaintiff's claims are due to be dismissed because he failed to exhaust his mandatory administrative remedies. The Randolph-

Sheppard Act allows "[a]ny blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program to submit . . . a request for a full evidentiary hearing." 20 U.S.C. § 107d-1(a). If the blind licensee is dissatisfied with the results of the evidentiary hearing, he is entitled to arbitration. *Id.* It appears that although the plaintiff complained to several agencies, he has yet to be given a full evidentiary hearing or arbitration. Consequently, the court concludes that, at this juncture, it is appropriate to hear from the parties regarding consolidating this actions and then entering a stay to allow the plaintiff an opportunity to exhaust his administrative remedies in accordance with the Randolph-Sheppard Act, 20 U.S.C. § 107d-1(a) and 20 U.S.C. § 107d-2(a). Accordingly, it is

ORDERED that oral argument on whether to consolidate these cases and stay them pending exhaustion of the plaintiff's administrative remedies be and is hereby SET for **September 20, 2005, at 10:00 a.m.** in Courtroom 4B, United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The plaintiff is advised that if he fails to appear in court at the appointed time, the court will treat his failure to appear as an abandonment of the claims set forth in his complaints. The plaintiff is further cautioned that if he fails appear in accordance with the directives of this order, the court will recommend that this case be dismissed.

The Clerk of the Court is DIRECTED to file a copy of this order in both cases.

Done this 25th day of August, 2005.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE